**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 13 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARCOS AURELIO AGUIRIANO-
FLORES; IKER LICHTSTEINER
AGUIRIANO-SARMIENTO; YOLIBETH
STEFANNY SARMIENTO-
ALCANTARA,

No. 23-3394

Agency Nos.
A220-453-258
A220-453-259
A220-314-022

Petitioners,

v.

MEMORANDUM*

MERRICK B. GARLAND, Attorney
General,

Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 11, 2024**
San Francisco, California

Before: WARDLAW, GOULD, and BUMATAY, Circuit Judges.

Marcos Aurelio Aguiriano-Flores, a native and citizen of Honduras, his wife,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and his son petition for review of a Board of Immigration Appeals ("BIA") decision affirming the order of an Immigration Judge ("IJ") denying an application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction to review the BIA's decision under 8 U.S.C. § 1252.

We review questions of law de novo. *Macedo Templos v. Wilkinson*, 987 F.3d 877, 879 (9th Cir. 2021). We review findings of fact for substantial evidence and uphold the agency's factual findings "unless the evidence compels a contrary result." *Budiono v. Lynch*, 837 F.3d 1042, 1046 (9th Cir. 2016) (quoting *Hernandez-Mancilla v. Holder*, 633 F.3d 1182, 1184 (9th Cir. 2011)). "Where, as here, the BIA agrees with the IJ decision and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027–28 (9th Cir. 2019). We deny the petition.

1. Aguiriano-Flores contends that the BIA erred by not finding that his harm rises to the level of severity required for past persecution. The BIA found that Aguiriano-Flores was beaten by gang members, but he only suffered bruising and he did not seek any medical attention. The BIA also considered that he was told by gang members to stop recruiting for his church. Such incidents do not compel a conclusion of past persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1020 (9th Cir. 2006).

Aside from some boilerplate language, Aguiriano-Flores does not meaningfully address the BIA's determinations on the lack of a fear of future persecution. Nor does he address the BIA's conclusion on the reasonableness of internal relocation. Because Aguiriano-Flores did not challenge these dispositive findings, those issues are waived and we deny his petition for asylum and withholding of removal. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) (holding that a party waives an issue by failing to meaningfully discuss that issue in the opening brief). Because Aguiriano-Flores does not address his CAT claim in his opening brief, we also deny his petition on that claim as well.

2. Finally, Aguiriano-Flores asserts that the IJ violated his due-process rights by articulating an "impermissibly circular and fatally insufficient" particular social group and by "abandon[ing] his role as an unbiased arbiter of fact and law." That said, Aguiriano-Flores did not raise this issue to the BIA. We decline to entertain "due process claims based on correctable procedural errors unless the alien raised them below." *Agyeman v. INS*, 296 F.3d 871, 877 (9th Cir. 2002); *see also Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). Here, the BIA could have corrected the alleged constitutional error by modifying the particular social group or otherwise remedying the IJ's allegedly deficient behavior. *See Sola v. Holder*, 720 F.3d 1134, 1135–36 (9th Cir. 2013).

**PETITION DENIED.**